# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNIVERSITY ACCOUNTING SERVICES LLC, <br><br> Plaintiff, <br> v. <br><br> SCHOLARCHIP CARD LLC, <br><br> Defendant. | Case No. 17-CV-901-JPS <br><br><br> **ORDER** |

On June 30, 2017, Plaintiff filed a complaint alleging Defendant's breach of contracts between them relating to software Defendant developed for Plaintiff's use in business. (Docket #1). Attached to the complaint are copies of the relevant agreements. (Docket #1-1). Both the complaint and the attached contracts were filed under seal. Accompanying them is a motion for leave to file the documents under seal. (Docket #2). For the reasons stated below, the motion will be denied.

Litigation in the federal courts is presumptively public. *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). Those who impress upon the public fisc to subsidize their dispute resolution process are not entitled to secrecy simply because they desire it. *Id.*; *County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *see also Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("The reason for this right of public access to the judicial record is to enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties."). Rather, a claim to secrecy attaches only to trade secrets, information covered by a recognized privilege, or

information required by statute to be kept secret. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). And even then, the Court must consider whether good cause supports a request to seal such information. *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 712 (7th Cir. 2015), *rev'd on other grounds*, *United States ex rel. Nelson v. Sanford-Brown, Ltd.*, 136 S Ct. 2506 (2016); Gen. L. R. 79(d)(3).

There is no cause for permitting the complaint or its attachments to be filed totally under seal. First, the complaint is generic, alleging in broad terms that the parties have agreements which Defendant has breached. Certainly, the existence and alleged breach of the agreements are not themselves trade secrets or matters covered by privilege or some statute requiring sealing. *Love v. Med. Coll. of Wis.*, Case No. 15-cv-0650, 2016 WL 1627629, at *6 (E.D. Wis. Apr. 22, 2016) (rejecting motion to seal complaint which contained only "general descriptions" of confidential information). In fact, such allegations form the basis of the parties' dispute and will be central to the Court's disposition of the case, suggesting that they should be made public. *Baxter*, 297 F.3d at 548. Moreover, while the Court appreciates that there may be terms of the attached agreements that reveal the parties' trade secrets, it is unlikely that each and every term constitutes a trade secret.

Plaintiff's motion does not help matters. The entirety of its argument in favor of sealing is that the documents contain "confidential pricing information and confidential information relating to the [software] and the trade secrets associated with how [Plaintiff's] business operated and the functionality of the [software]." (Docket #2 at 1). Where precisely such information is found in the documents is not explained. Nor is any citation to applicable legal principles provided, other than a single citation to the

Court's Local Rule governing sealed filings. It is not this Court's task to divine what portions of these documents Plaintiff believes to be worthy of secrecy. *Baxter*, 297 F.3d at 548 (to show good cause to file a document or a portion under seal, the party requesting protection must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations"). Furthermore, Plaintiff's explanation of the need for sealing is on its face overbroad. Only the trade secrets revealed in the documents should be sealed; the Seventh Circuit has made clear that pricing information does not qualify for protection. *Id.* at 547; *Union Oil*, 220 F.3d at 567; *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010).

In light of the strong presumption in favor of public access to judicial records and Plaintiff's failure to offer good reasons that confidentiality is warranted to the extent it requests, the Court must deny Plaintiff's motion to seal the complaint and its attachments. The complaint and attached agreements that have already been filed will be maintained under seal for a period of seven days. Within that time, Plaintiff must either file a notice of voluntary dismissal of this action or file an amended complaint. If Plaintiff does not file one of those two things, the complaint and its attachments will be unsealed and the matter will be dismissed for failure to prosecute. *See* Gen. L. R. 79(d)(2); Civ. L. R. 41(c).

If Plaintiff files an amended complaint, and if it believes that some portions of that filing warrant sealing, then Plaintiff must file a motion requesting leave to file those documents under seal in accordance with applicable precedent and the Court's Local Rules. That motion must itself be publicly filed. *See* Gen. L. R. 79(d)(2). If it files such a motion, Plaintiff should take special care to identify and explain the particular matters meriting secrecy to the greatest extent possible without revealing those

underlying matters. Further, Plaintiff should comply with the requirement in General Local Rule 79(d)(2) that it filed a redacted, public version of the documents in question if possible.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file its complaint and attachments thereto under seal (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action as a whole be **UNSEALED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court maintain the complaint (Docket #1) and Exhibit A thereto (Docket #1-2) under seal until further order of this Court; and

**IT IS FURTHER ORDERED** that Plaintiff shall either dismiss this action or file an amended complaint, consistent with the Court's guidance above, no later than **seven (7) days** from the date of this Order.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge