# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNIVERSITY ACCOUNTING SERVICE LLC,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>SCHOLARCHIP CARD LLC,<br><br>　　　　　　　　Defendant. | Case No. 17-CV-901-JPS<br><br><br><br>**ORDER** |

The operative complaint in this matter, the Second Amended Complaint, was filed on August 23, 2017. (Docket #23). In this complaint, Plaintiff, a limited liability company, alleges that it is a citizen of Wisconsin, while Defendant, also an LLC, is alleged to be a citizen of New York, based on the parties' states of organization and principal places of business. *Id.* at 2–3. Plaintiff raises in this action breach-of-contract and related state-law claims against Defendant. Because there are no claims asserted under federal law, the Court's subject-matter jurisdiction in this matter is premised solely on diversity of citizenship under 28 U.S.C. § 1332.

This creates a problem, however, as the parties fail to appreciate that since they are both LLCs, their citizenship for purposes of Section 1332 is not determined by their places of organization or their principal places of business. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Rather, an LLC, like any other unincorporated association, has the citizenship of each of its members. *Id.* The parties have nowhere disclosed

who their members are, or the citizenship of those members. While the briefing on Defendant's pending motion to dismiss for lack of personal jurisdiction touches on the parties' ownership structures, *see* (Docket #27 at 6–7); (Docket #36 at 7), there is no clear statement of each entity's citizenship as the term is used in Section 1332.

In order to satisfy itself that it has subject-matter jurisdiction in this case, as it must, *see Thomas*, 487 F.3d at 533, the Court will direct each party to file an affidavit identifying each of its members and the citizenship of each. If a party has an unincorporated association as a member, the members of that association must be disclosed as well. (And so on, if necessary.) If it is plain from the face of the affidavits that diversity is lacking, the case will be dismissed. *See* Fed. R. Civ. P. 12(h)(3). If further briefing is required after the notices are filed, the Court will order it.

Accordingly,

**IT IS ORDERED** that each party shall file, within **fourteen (14) days** of the date of this Order, an affidavit identifying the citizenship of its members and, if necessary, those members' citizenship, as directed in this Order.

Dated at Milwaukee, Wisconsin, this 26th day of September, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge